IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASHOK ARORA, | ) | |
| | ) | |
| Plaintiff, | ) | Honorable John Z. Lee |
| | ) | |
| v. | ) | Case No.: 1:18-cv-01970 |
| | ) | |
| CBC Credit Services, | ) | Magistrate Judge M. David Weisman |
| John Does 1 through 20, | ) | |
| Defendants | ) | |

**FIRST AMENDED COMPLAINT**

**INTRODUCTION**

1.    Plaintiff Ashok Arora brings this individual action against defendants CBC Credit Services ("CBC") and others (John Does 1 through 20) for violation of Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), violation of Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2.    This court has subject matter jurisdiction under:

    (A)    28 U.S.C. §1331;

    (B)    47 U.S.C. §227 *MIMS v. ARROW FINANCIAL SERVICES, LLC* (10-1195); and

    (C)    15 U.S.C. § 1692k(d).

3.    The venue and personal jurisdiction are proper, because:

1

(A) Plaintiff resides in the Northern District of Illinois,

(B) Defendant CBC is a corporation that conducts business in the state of Illinois and in this district via telephone,

(C) Telephone calls from CBC that caused harm were received by plaintiff within the state of Illinois and this district. *Vlasak v. Rapid Collection Systems, Inc.*, 962 F. Supp. 1096 (N.D. Ill. 1997); *Hyman v. Hill & Associates*, 2006 WL 328260 (N.D. Ill.); *Brooks v. Holmes Rich & Sigler P.C.*, 1998 WL 704023 (N.D. Ill).

## PARTIES

4. Plaintiff is an individual who resides in the Northern District of Illinois.

5. Defendant CBC is incorporated in the state of Michigan with its registered agent located at 804 S. Hamilton, Suite 107, Saginaw, MI 48602.

6. Defendant CBC is a "debt collector" as defined in 15 U.S.C. §1692a.

7. Defendants John Does 1 through 20 are individuals or entities—such as creditors, borrowers, information providers to CBC, and so on; as well as employees and agents of CBC—whose identities are unknown at this time but are expected to be known during Discovery, who may be directly or vicariously liable for actions of defendant CBC.

## FACTS

8. Plaintiff is a subscriber and user of the cell phone service with telephone number ending in 3846 ("3846 cell phone").

9. During the year 2017, plaintiff received calls from phone number 989-596-0555 which has been identified as the telephone number used by defendant CBC.

2

10. Defendant CBC left voicemail messages asking for a call back without naming the person they were attempting to contact.

11. On November 21, 2017, plaintiff made a call to 989-596-0555. The person answering the call identified herself as Kim and stated that they were looking for Elizabeth. When plaintiff asked how they got this number, she stated the number was provided by the client. When plaintiff asked for the name of the client, she transferred the call to her supervisor who identified himself as James T. Fields and stated the number was obtained though skip-tracing.

12. Plaintiff has been receiving wrong number calls for Elizabeth from collection agencies on his 3846 cell phone for over 7 years. Over the years, plaintiff has informed many callers they were calling a wrong number, but to no avail. The wrong number calls from collection agencies have continued to present time.

13. Pattern of calls from different collection agencies suggests coordination of calls and likely a common sponsor of the calls. In other words, the sponsors of the calls and collection agencies appear to be cognizant of the fact plaintiff's 3846 cell phone number has been reported as wrong number for Elizabeth, and yet they continue to call that number.

14. Persistent calls from collection agencies over the years have been a source of great mental anguish impacting plaintiff's physical health, emotional health, sense of privacy, sense of security, enjoyment of life, and his ability to work.

**COUNT ONE: TCPA VIOLATION**

15. Plaintiff incorporates preceding paragraphs 1 through 14 here.

3

16. On information and belief that defendant CBC had called plaintiff's 3846 cell phone using an automatic telephone dialing system ("ATDS") or had used prerecorded voice messages, defendant CBC violated TCPA 47 U.S.C. §227(b)(1)(A)(iii), which states:

> **(b) Restrictions on use of automated telephone equipment**
> **(1) Prohibitions**
> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice**
> **….**
> **(iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call….**

17. Furthermore, as defendant CBC did not have plaintiff's consent to call his 3846 cell phone, CBC willfully and knowingly violated TCPA 47 U.S.C. §227(b)(1)(A)(iii).

18. Violations of the TCPA are actionable, even if they are only negligent.

19. Those who violate 47 U.S.C. §227 are liable under 47 U.S.C. §227(b)(3):

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that state –**
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> > **(C) both such actions.**

> **If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

WHEREFORE, plaintiff respectfully seeks judgment in favor of himself, awarding:

(A)  Statutory damages of $500 to $1500 per violation under the TCPA,

(B)  Actual damages that are in excess of statutory damages,

(C)  Costs of litigation and attorney's fees,

(D)  An injunctive prohibiting defendant from future violations of the TCPA with respect to plaintiff, and

(E)  All other proper relief.

### COUNT TWO: FDCPA 15 U.S.C. § 1692b VIOLATIONS

20.  Plaintiff incorporates preceding paragraphs 1 through 19 here.

21.  On March 20, 2017, defendant CBC left the following message in plaintiff's 3846 cell phone voicemail:

> "This message is from CBC Credit Services. We are a collection agency. Please return our call at 989-596-1204. Thank you!"

22.  A voicemail message is a communication under FDCPA.

23.  Since defendant CBC was communicating with plaintiff -a third party, and not the debtor, defendant's message violates 15 U.S.C. 1692b(1) which states:

> **Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –**

> **(1) Identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**

24. Furthermore, by making more than one call to plaintiff's 3846 cell phone and leaving voicemail message more than once, defendant violated 15 U.S.C. 1692b(3) which states, in part:

> **Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –**
>
> **(3) not communicate with any such person more than once unless requested to do so by such person…;**

WHEREFORE, plaintiff respectfully seeks judgment in favor of himself, awarding:

(A) Statutory damages of $1000 against each defendant found liable under FDCPA,

(B) Actual damages as permitted under the FDCPA,

(C) Costs of litigation and attorney's fees as permitted under the FDCPA,

(D) An injunctive prohibiting defendant from future violations of the FDCPA with respect to plaintiff, and

(E) All other proper relief.

### COUNT THREE: FDCPA 15 U.S.C. § 1692d VIOLATIONS

25. Plaintiff incorporates preceding paragraphs 1 through 24 here.

26. Calls from defendant CBC occurred in 2017 -the 8th year of wrong number calls from collection agencies to plaintiff's 3846 cell phone.

27. In late 2014, plaintiff told a collection agency—who had made over 100 calls within a short period of time—that he intends legal action against it. Following that threat,

plaintiff has been receiving far fewer calls from each agency. Also, following that threat, plaintiff has been receiving calls more from smaller regional agencies, such as CBC, which appear to be less attractive targets for legal actions by attorneys.

28.　Conduct of callers from different collection agencies, especially since 2015, clearly suggests knowledge of the fact that this number has been reported as wrong number for Elizabeth. One possible purpose for persistent calls appears to be harassment.

29.　On information and belief that defendant CBC knowingly made wrong number calls to plaintiff's 3846 cell phone to perpetuate the harassment and oppression that began over 7 years ago, calls by defendant CBC violate 15 U.S.C. 1692d, which states, in part:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of debt.**

WHEREFORE, plaintiff respectfully seeks judgment in favor of himself, awarding:

(A)　Statutory damages of $1000 against each defendant found liable under FDCPA,

(B)　Actual damages as permitted under the FDCPA,

(C)　Costs of litigation and attorney's fees as permitted under the FDCPA,

(D)　An injunctive prohibiting defendant from future violations of the FDCPA with respect to plaintiff, and

(E)　All other proper relief.

## COUNT FOUR: FDCPA 15 U.S.C. § 1692e VIOLATIONS

30.　Plaintiff incorporates preceding paragraphs 1 through 29 here.

31.　Defendant CBC left voicemail messages on plaintiff's 3846 cell phone without ever naming the person for whom the messages were intended (paragraph 21).

32. The messages were deceptive and misleading and plaintiff was eventually forced to call back to find the reason for the calls.

33. Voicemail messages by defendant CBC violated 15 U.S.C. 1692e which states, in part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

34. Furthermore, by knowingly making wrong number calls eight years after plaintiff reported it as a wrong number for Elizabeth, and leaving deceptive messages, defendant CBC appears to be imputing that plaintiff has some sort of connection with these debts or the debtor – a clear violation of 15 U.S.C. 1692e(7) which states:

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **…**
>
> **(7) A false representation or implication that the consumer committed any crime or other conduct to disgrace the consumer.**
>
> **…**

WHEREFORE, plaintiff respectfully seeks judgment in favor of himself, awarding:

(A)  Statutory damages of $1000 against each defendant found liable under FDCPA,

(B)  Actual damages as permitted under the FDCPA,

(C)  Costs of litigation and attorney's fees as permitted under the FDCPA,

(D)  An injunctive prohibiting defendant from future violations of the FDCPA with respect to plaintiff, and

(E)  All other proper relief.

## COUNT FIVE: FDCPA 15 U.S.C. § 1692f VIOLATIONS

35. Plaintiff incorporates preceding paragraphs 1 through 34 here.

36. The voicemail messages left by defendant CBC on plaintiff's 3846 cell phone did not name the person for whom they were intended.

37. As a result, Plaintiff was compelled to call CBC back –thereby incurring charges for the call. Plaintiff uses pre-paid cell phone service for which he is charged by the minute.

38. The voicemail messages by CBC were insidious and unconscionable and concealed the true purpose of the calls. The messages violated §1692f, and §1692f (5) specifically, which state, in part:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **…**
>
> **(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.**
>
> **…**

WHEREFORE, plaintiff respectfully seeks judgment in favor of himself, awarding:

(A) Statutory damages of $1000 against each defendant found liable under FDCPA,

(B) Actual damages as permitted under the FDCPA,

(C) Costs of litigation and attorney's fees as permitted under the FDCPA,

(D) An injunctive prohibiting defendant from future violations of the FDCPA with respect to plaintiff, and

(E)     All other proper relief.

        Respectfully Submitted,

        /s/ Ashok Arora_____
        Ashok Arora, Pro Se
        869 E Schaumburg Rd 217
        Schaumburg, IL 60194
        Tel: 224-622-3846

## CERTIFICATE OF SERVICE

I, Ashok Arora, hereby certify that on April 19, 2018, I filed the foregoing FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

        /s/ Ashok Arora_____
        Ashok Arora, Pro Se
        869 E Schaumburg Rd 217
        Schaumburg, IL 60194
        Telephone: 224-622-3846
        Email: ashoklaw@protonmail.com